IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION

| | |
|---|---|
| **BITUMINOUS CASUALTY CORPORATION**<br><br>**Plaintiff**<br><br>vs.<br><br>**OASIS PETROLEUM NORTH AMERICA LLC and ST. PAUL FIRE & MARINE INSURANCE COMPANY**<br><br>**Defendants** | §<br>§<br>§<br>§<br>§<br>§ CIVIL ACTION NO. _____<br>§<br>§<br>§<br>§<br>§<br>§ |

_____

**COMPLAINT FOR DECLARATORY JUDGMENT**
_____

Bituminous Casualty Corporation ("Bituminous"), files its Original Complaint for Declaratory Judgment pursuant to 28 USC § 2201 against Oasis Petroleum North America LLC ("Oasis") and St. Paul Fire & Marine Insurance Company ("St. Paul") and in support would show:

**THE PARTIES**

1.      Plaintiff Bituminous Casualty Corporation is an Illinois corporation with its principal place of business in Illinois. Therefore, for jurisdictional purposes, Bituminous is a citizen of the State of Illinois.

2.      Defendant Oasis Petroleum North America LLC is a Delaware limited liability corporation whose principal office is in the State of Texas. Oasis Petroleum North America LLC's sole member is Oasis Petroleum Inc. Oasis Petroleum Inc. is a Delaware corporation with

its principal place of business in the State of Texas.  Therefore, for jurisdictional purposes, Oasis is a citizen of the States of Delaware and Texas.

3. Defendant St. Paul Fire & Marine Insurance Company is a corporation organized under the laws of the state of Minnesota, with its principal place of business located in St. Paul, Minnesota.  Therefore, for jurisdictional purposes, St. Paul is a citizen of the State of Minnesota.

## JURISDICTION

4. This Court has subject matter jurisdiction over this lawsuit pursuant to 28 USC § 1332(a).  Plaintiff and Defendants are of diverse citizenship.  Plaintiff is a citizen of the State of Illinois and Defendant Oasis is a citizen of the States of Texas and Delaware.  Defendant St. Paul is a citizen of the State of Minnesota.  The amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.  The insurance coverage at issue in this declaratory judgment action is $3,000,000.

## VENUE

5. This Court has venue pursuant to 28 USC § 1391.  The Bituminous insurance policy at issue was issued to its named insured in North Dakota.  The underlying oil field accident in question occurred in McKenzie County, North Dakota.  As a result, a substantial part of the events or omissions giving rise to this claim occurred in this District.  Therefore, venue is proper in this District pursuant to 28 USC § 1391(b)(2).

## FACTUAL BACKGROUND

**A.    Oil Field Accident**

6. Oasis is the operator of an oil well located in McKenzie County, North Dakota. On October 14, 2011, Carlson Well Service, Inc. ("Carlson") was doing a work-over operation on the well.  Mitchell's Oil Field Service, Inc. ("Mitchell's") was providing well site supervision

services on the well.  Basic Energy Services LP ("Basic Energy") provided salt water and pumping services in connection with the work-over operation.

7. During the work-over operation, well gas was released into the air and oil was released onto the surface.  During efforts to stop the flow, the hydrocarbons ignited, starting a fire that killed two Carlson employees and injured two other Carlson employees.  Claims have been made against Oasis on behalf of all of the killed or injured employees.

**B.** **The Contracts**

8. Oasis entered into a master service contract with Carlson for providing oil well services.  Oasis also entered into a similar oil field services contract with Mitchell's predecessor, and with Basic Energy.  Those contracts were in effect on the date of the accident.  All three contracts contained provisions relating to additional insured coverage for Oasis in the event of an accident.  Carlson's contract with Oasis did not require that the additional insured coverage be primary.

**C.** **The Insurance Coverages**

9. Oasis is insured by St. Paul under an "EnergyPro" policy which provides primary liability limits of $1,000,000 and umbrella liability limits of $25,000,000.

10. Bituminous insured Carlson under commercial lines policy number CLP 3546507, which policy was in effect from December 15, 2010 through December 15, 2011.  The policy provides per occurrence limits of $1,000,000.  The policy contained an endorsement which provided additional insured coverage to any person or organization for whom Carlson is performing operations if Carlson agreed with such person in a written contract executed before a loss that such person would be added as an additional insured.  Oasis asserts that it is an

additional insured under this endorsement.  The endorsement contained the following provision regarding excess coverage:

> Any coverage provided herein will be excess over any other valid and collectable insurance available to the additional insured(s) whether primary, excess, contingent or on any other basis unless you have agreed in a written contract or written agreement executed prior to any loss that this insurance will be primary. If this insurance is determined to be primary, we agree not to seek contribution from such other insurance only if you have so agreed in a written contract or written agreement.

11.     The Bituminous additional insured endorsement also contained the following exclusion:

> 4.  This insurance does not apply to:
>
>     …
>
>     b.      "Bodily injury" or "property damage" resulting from any act or omission of the additional insured(s) or any of their employees, other than the general supervision of work performed for the additional insured(s) by you.

12.     The Bituminous additional insured endorsement also specified an additional insured shall, as soon as practicable:

> c.      Give written notice of such claim or "suit," including a demand for defense and indemnity, to any other insurer who had coverage for the claim or "suit" under its policy(ies), either at the time of, or at any time subsequent to the occurrence of the "bodily injury," "property damage" and/or the offense causing the "personal and advertising injury," which is the basis for such claims or "suit".
>
>     (1)     Such notification must demand the full coverage available under the policy.
>
>     (2)     The additional insured shall not take any action to waive or limit such other coverage available to it.

13.     The Bituminous policy also contained an exclusion for bodily injury which would not have occurred in whole or in part but for the release or discharge of a pollutant.

4

14. One of the four claims was settled on behalf of Oasis by Bituminous and St. Paul. Another has been tentatively settled, but two claims are still pending. The settlements have reduced the policy limits of the Bituminous commercial lines policy and the St. Paul primary coverage.

15. Bituminous also issued umbrella policy number CUP 2589085 to Carlson with a policy period of 12/15/10 to 12/15/11. The umbrella policy provided an aggregate limit of $2,000,000. The umbrella policy included as insureds those individuals qualifying for liability insurance under the Bituminous commercial lines coverage, but only for damages which would be covered both by the umbrella policy and the underlying commercial lines policy. The umbrella policy contained an absolute pollution exclusion. In addition, the umbrella policy provided that it is excess over any other valid or collectible insurance available to an insured.

16. Mitchell's is also insured by St. Paul. St. Paul provided Mitchell's primary insurance limits of $1,000,000, and umbrella insurance limits of $10,000,000. Bituminous has been informed that neither Oasis, nor St. Paul on behalf of Oasis, has demanded additional insured coverage from St. Paul, as Mitchell's insurer. Additionally, neither Oasis nor St. Paul have demanded additional insured coverage from Basic Energy's insurer.

## DECLARATORY RELIEF

17. With regard to Bituminous commercial lines policy number CLP 3546507 and the primary coverage issued by St. Paul to Oasis, Bituminous seeks the following declaratory relief:

    a. The Bituminous policy provides no coverage to Oasis because all bodily injuries would not have occurred in whole or in part but for the release or discharge of a pollutant, which is excluded under the Bituminous policy;

      b.     If Bituminous provides additional insured coverage to Oasis, that coverage is excess above St. Paul's coverage issued to Oasis, and all other primary insurance coverage available to Oasis as an additional insured. Alternatively, the Bituminous commercial lines coverage applies pro rata by limits with all other non-umbrella coverage available to Oasis as a named insured or additional insured, for those damages covered under the Bituminous additional insured endorsement;

      c.     Bituminous provides no additional insured coverage to Oasis for bodily injury resulting from any act or omission of Oasis, other than the general supervision of work performed for Oasis by Carlson; and

      d.     Bituminous provides no additional insured coverage to Oasis for bodily injury resulting from any act or omission of Mitchell's, Basic Energy, or any other third party.

18.     With regard to umbrella coverage, Bituminous requests declaratory judgment that:

      a.     The Bituminous umbrella policy provides no coverage because the bodily injuries arose out of the release or discharge of a pollutant, which is excluded under the Bituminous umbrella policy; and,

      b.     Bituminous provides no umbrella coverage to Oasis for bodily injury resulting from any act or omission of Oasis, other than the general supervision of work performed for Oasis by Carlson; and

      c.     Bituminous provides no umbrella coverage to Oasis for bodily injury resulting from any act or omission of Mitchell's, Basic Energy, or any other third party.

      d.    If Bituminous provides umbrella coverage to Oasis, that coverage is shared pro rata by limits with all other umbrella coverage available to Oasis, including that provided by St. Paul.  As a result, at most, the Bituminous umbrella policy applies to $2/27^{ths}$ for covered bodily injury or property damage claims, and Oasis St. Paul policy applies $25/27^{ths}$ for such covered claims, after all primary coverage available to Oasis is exhausted.

19.    With regard to additional insured coverage available from Bituminous, Bituminous requests that the Court declare:

      a.    Oasis and St. Paul have failed to comply with the Bituminous additional insured endorsement requirements of demanding a defense and indemnity from all other insurers who potentially provide coverage for property damage or bodily injury arising from the accident in question; and,

      b.    The policy limits of the primary and umbrella policies available to Oasis from such other insurers reduces Bituminous' pro rata obligation towards Oasis.

WHEREFORE, PREMISES CONSIDERED, Bituminous prays that the Court grant the declaratory relief requested above and for such other relief to which Bituminous may show itself justly entitled.

Dated this 12th day of December, 2012.

BY: /s/ Jason R. Vendsel<br>
Jason R. Vendsel (License No: 04912)<br>
OF: McGEE, HANKLA, BACKES & DOBROVOLNY, P.C.<br>
Wells Fargo Bank Center, Suite 305<br>
15 Second Avenue SW<br>
P. O. Box 998<br>
Minot, ND 58702-0998<br>
(701) 852-2544<br>
ATTORNEYS FOR THE PLAINTIFF<br>
BITUMINOUS CASUALTY CORPORATION

## **DEMAND FOR TRIAL BY JURY**

The Plaintiff, Bituminous Casualty Corporation, hereby demands trial by jury of nine (9) jurors in the above-entitled matter.

Dated this 12th day of December, 2012.

BY: /s/Jason R. Vendsel<br>
Jason R. Vendsel (License No: 04912)<br>
OF: McGEE, HANKLA, BACKES & DOBROVOLNY, P.C.<br>
Wells Fargo Bank Center, Suite 305<br>
15 Second Avenue SW<br>
P. O. Box 998<br>
Minot, ND 58702-0998<br>
(701) 852-2544<br>
ATTORNEYS FOR THE PLAINTIFF<br>
BITUMINOUS CASUALTY CORPORATION